MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
ABDIAS   GARCIA RAMIREZ, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

51 ST. CAFE CORP. (D/B/A TERESA'S
BRICK OVEN PIZZA & CAFE), TERESA
KAFALOGIANNIS, and JAGTAR SINGH
BENIPAL,

*Defendants.*

 -----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Abdias Garcia Ramirez ("Plaintiff Garcia" or "Mr. Garcia"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against 51 St. Cafe Corp. (d/b/a Teresa's Brick Oven

Pizza & Cafe), ("Defendant Corporation"), Teresa Kalogiannis and Jagtar Singh Benipal,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

        1.    Plaintiff Garcia is a former employee of Defendants 51 St. Cafe Corp. (d/b/a Teresa's

Brick Oven Pizza & Cafe), Teresa Kafalogiannis, and Jagtar Singh Benipal.

        2.     Defendants own, operate, or control a pizzeria, located at 51 W 51st St, New York,

NY 10019 under the name "Teresa's Brick Oven Pizza & Cafe".

3.      Upon information and belief, individual Defendants Teresa Kafalogiannis and Jagtar Singh Benipal, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Garcia was employed as a delivery worker at the restaurant located at 51 W 51st St, New York, NY 10019.

5.      Plaintiff Garcia was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to putting away vegetables in the refrigerator, preparing salad bowls, cookies, muffins, yogurt parfaits, pizza sauces, cheese for pizzas, meatballs, cutting vegetables, putting away new merchandise in the basement, cleaning bathrooms, basement, kitchen vent, and kitchen, sweeping the basement and restaurant floors, breaking down cardboard boxes, taking out the trash, and refilling sodas in the refrigerator.  (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Garcia worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Garcia appropriately for any hours worked at the straight rate of pay.

8.      Defendants employed and accounted for Plaintiff Garcia as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Garcia's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

10.   Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Garcia's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Garcia at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

11.   Defendants' conduct extended beyond Plaintiff Garcia to all other similarly situated employees.

12.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations.

13.   Plaintiff Garcia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.   Plaintiff Garcia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Garcia's state law claims under 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria and cafe located in this district. Further, Plaintiff Garcia was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

17.    Plaintiff Abdias Garcia Ramirez ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in New York County, New York.

18.    Plaintiff Garcia was employed by Defendants at Teresa's Brick Oven Pizza & Cafe from approximately December 2012 until on or about June 12, 2017.

19.    Plaintiff Garcia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.    At all relevant times, Defendants owned, operated, or controlled a pizzeria, located at 51 W 51st St, New York, NY 10019 under the name "Teresa's Brick Oven Pizza & Cafe".

21.    Upon information and belief, 51 St. Cafe Corp. (d/b/a Teresa's Brick Oven Pizza & Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 51 W 51st St, New York, NY 10019.

22.    Defendant Teresa Kafalogiannis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Teresa Kafalogiannis

is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Teresa Kafalogiannis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Jagtar Singh Benipal is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jagtar Singh Benipal is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jagtar Singh Benipal possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate a pizzeria located in a midtown west neighborhood in Manhattan.

25.    Individual Defendants, Teresa Kafalogiannis and Jagtar Singh Benipal, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Garcia (and all similarly situated employees) and are Plaintiff Garcia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Teresa Kalogiannis and Jagtar Singh Benipal operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

31.  At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the FLSA and New York Labor Law.

32.  Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

33.  In each year from 2013 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.  Plaintiff Garcia is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

36.  Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Abdias Garcia Ramirez*

37.    Plaintiff Garcia was employed by Defendants from approximately December 2012 until on or about June 12, 2017.

38.    Defendants ostensibly employed Plaintiff Garcia as a delivery worker.

39.    However, Plaintiff Garcia was also required to spend a significant portion of his work day performing the non-tipped duties described above.

40.    Although Plaintiff Garcia ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

41.    Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Garcia's work duties required neither discretion nor independent judgment.

43.    From approximately December 2012 until on or about September 2013, Plaintiff Garcia worked from approximately 6:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 47.5 hours per week).

44.    From approximately September 2013 until on or about December 2016, Plaintiff Garcia worked from approximately 6:30 a.m. until on or about 2:00 p.m., 5 days a week (typically 37.5 hours per week).

45.    From approximately January 2017 until on or about June 12, 2017, Plaintiff Garcia worked from approximately 6:30 a.m. until on or about 1:30 p.m., 5 days a week (typically 35 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Garcia his wages in cash.

47.    From approximately February 2013 until on or about December 2013, Defendants paid Plaintiff Garcia a fixed salary of $250 per week.

48.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Garcia $8.00 per hour for his scheduled hours.

49.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Garcia $8.75 per hour for his scheduled hours.

50.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Garcia $9.00 per hour for his scheduled hours.

51.     From approximately January 2017 until on or about June 12, 2017, Defendants paid Plaintiff Garcia $11.00 per hour for his scheduled hours.

52.     Plaintiff Garcia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Garcia to work an additional 5 to 10 minutes past his scheduled departure time every day and did not pay him for the additional time he worked.

54.     Plaintiff Garcia was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Garcia's wages.

56.     Defendants required Plaintiff Garcia to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

57.     On a number of occasions, Defendants required Plaintiff Garcia to sign a document, the contents of which he was not allowed to review in detail.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

60.     In fact, prior to January 2014, Defendants did not provide any sort of wage statement.

61.     Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including several uniform tops, pants and hats.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

64.     Plaintiff Garcia was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

65.     Defendants' pay practices resulted in Plaintiff Garcia not receiving payment for all his hours worked, and resulted in Plaintiff Garcia's effective rate of pay falling below the required minimum wage rate.

66.     Defendants required Plaintiff Garcia and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

67.      Plaintiff Garcia and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

68.     Plaintiff Garcia's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.      Plaintiff Garcia and all other tipped workers were paid at a rate that was below the minimum wage rate.

70.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Garcia's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

71.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     In violation of federal and state law as codified above, Defendants classified Plaintiff Garcia and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73.     Defendants failed to inform Plaintiff Garcia who received tips that Defendants intended to take a deduction against Plaintiff Garcia's earned wages for tip income, as required by the NYLL before any deduction may be taken.

74.     Defendants failed to inform Plaintiff Garcia who received tips, that his tips were being credited towards the payment of the minimum wage.

75.     Defendants failed to maintain a record of tips earned by Plaintiff Garcia who worked as a delivery worker for the tips he received.

76.     Defendants time-tracking system did not accurately reflect the hours Plaintiff Garcia worked.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     On a number of occasions, Defendants required Plaintiff Garcia to sign a document the contents of which he was not allowed to review in detail.

79.     Defendants paid Plaintiff Garcia his wages in cash.

80.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Garcia (and similarly situated individuals) worked, and to avoid paying Plaintiff Garcia properly for his full hours worked.

82.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Garcia and other similarly situated former workers.

84.     Defendants failed to provide Plaintiff  Garcia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiff Garcia brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.     At all relevant times, Plaintiff Garcia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records, as required under the FLSA.

88.    The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

89.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

90.    At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Garcia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.    Defendants failed to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.    Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.    Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

96.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

97.    At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

98.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Garcia less than the minimum wage.

99.    Defendants' failure to pay Plaintiff Garcia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Garcia was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiff Garcia with a written notice, in English and in Spanish  (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

104.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff Garcia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**RECOVERY OF EQUIPMENT COSTS**

107.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants required Plaintiff Garcia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

109.    Plaintiff Garcia was damaged in an amount to be determined at trial.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Garcia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Garcia and the FLSA Class members;

(e)     Awarding Plaintiff Garcia and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Garcia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Garcia;

(j)     Awarding Plaintiff Garcia damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Garcia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Garcia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Garcia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Garcia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Garcia demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 4, 2019

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:     _____/s/ Michael Faillace_____
                                    Michael Faillace [MF-8436]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620
                                    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 4, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Abdias  Garcia  Ramirez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                  4 de febrero 2019

*Certified as a minority-owned business in the State of New York*